UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RICHARD A. CURLEY and        )
SANDRA CURLEY                )
     Plaintiffs,             )
                             )
                             )       CIVIL ACTION NO.
          v.                 )       10-12266-DPW
                             )
UNITED PARCEL SERVICE, INC.  )
     Defendant.              )
```

MEMORANDUM AND ORDER
March 26, 2013

Remaining before me in this case, tried before to a jury over six days and resulting in a defendant's verdict, is plaintiffs' motion for new trial and his objections to defendant's bill of costs.

**I.**

The motion for a new trial challenges the sufficiency of the evidence and in particular challenges an evidentiary ruling I made to exclude an out of court statement by the defendant offered by him for the truth of the matter.

The plaintiff's sufficiency challenge founders on the fact that the jurors had before them – and it was their prerogative to resolve conflicting evidence regarding – an accident in which there was an adequate basis for them to disbelieve the testimony of both the plaintiff and his witness Bozella.  Given the lack of a timely written report of the accident and the inconsistencies that marbled their testimony of the plaintiff and Bozella, there

was sufficient evidence for the juror to decline to accept plaintiff's contentions.

The evidentiary challenge was to the exclusion upon objection by defendant to the plaintiff's proffer of a statement he purportedly made to his manager McArdle on the day of the incident that a vehicle operated by the defendant caused his accident. The plaintiff styles the proffer that of a prior consistent statement offered to rebut a charge of recent fabrication. But there was no direct claim of recent fabrication on this point developed in the cross examination of the plaintiff. To be sure, the general credibility of the plaintiff's recollections were challenged by defendant, but there was, as plaintiff conceded, no explicit argument of fabrication regarding this matter. It is not sufficient to permit an otherwise hearsay statement to be received on behalf of a party making it to say, as plaintiff contends, that "defense counsel made the implied argument that Mr. Curley fabricated his testimony that UPS caused his injuries." That would effectively make any denial of a party's contentions regarding causation an occasion for that party's introduction of inadmissible hearsay regarding his own statements.

## II.

As to the costs, I find nothing inequitable in general to the practice of awarding costs given the presumption favoring

2

cost recovery for prevailing parties.  Certainly the fact that a case involves the resolution of credibility issues does not constitute circumstances sufficient to overcome the presumption.

Plaintiff challenges certain costs in particular: deposition transcripts and copying charges.  I am satisfied the transcripts at issue were obtained for trial preparation and not merely for discovery.  The resort to video recording of Drs. Fraser and Leslie and the award of costs for both the video and the stenographic transcript seems reasonable given the well known tendency of the schedules of doctors to pose challenges to the orderly presentation of evidence at trial.  The copying charges sought in the Bill of Costs appear reasonable and it is apparent that they were made for purposes related to this litigation.

### III.

For the reasons set forth more fully above, I hereby DENY plaintiff's motion (#63) for a new trial and DENY plaintiff's objections to defendant's Bill of Costs, which is hereby ALLOWED. The Clerk shall enter an order awarding the Costs sought by the defendant.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE